IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

[1] MARIA NICOLE PRUITT )
)
Plaintiff, )
)
vs. ) Case No. CIV-15-866-HE
)
[1] CHRIS MOORE [2] TAZMANIAN DEVIL )
TRUCKING CO. [3] TIMMY MORROW, )
and, [4] KENNY KYSER, )
)
Defendants )

COMPLAINT

COMES NOW Plaintiff and for her causes of action against the Defendants states and alleges as follows:

1. This Court has jurisdiction of the parties and subject matter by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. The amount in controversy exceeds the sum of $ 75,000.00 exclusive of interest and costs.

PARTIES

3. Plaintiff, Maria Nicole Pruitt, is a resident of and a citizen of the State of Oklahoma.

4. Defendant, Chris Moore is an individual and a citizen if the State of Arkansas and owner of Tazmanian Devil Trucking Co.

5. Defendant, Tazmanian Devil Trucking Co. is a trucking company incorporated in the state of Tennessee in 2009 and, at the time of the personal injury

incident which is the subject of this claim, was doing business out of and headquartered in Millington, Tennessee. The company is believed to have since changed its name.

6. Defendant, Timmy Morrow, at all times complained of herein, was an employee of Chris Moore and Tazmanian Devil Trucking Co. and was acting in the course and scope of his employment.

7. Defendant, Kenny Kyser and Timmy Morrow are cousins. Kenny Kyser, the authorized truck driver, was improperly letting Timmy Morrow drive the truck at the time of this incident.

8. The incident complained of herein occurred in the state of New Mexico and New Mexico substantive law applies.

## FACTUAL ALLEGATIONS

9. On or before the 10th day of August, 2013 Maria Nicole Pruitt was offered and accepted a ride from Timmy Morrow in his truck. The truck, owned by Chris Moore and Tazmanian Devil Trucking Co. Was assigned USDOT #1788155. As the three Drove through the state of New Mexico, Kenny Kyser, who was driving, lost control of the truck during a thunder storm and Plaintiff was ejected. Pruitt struck the interstate at a speed of 65 miles per hour and suffered serious injuries.

10. Timmy Morrow and Kenny Kyser left the scene of the accident with out notifying the authorities or rendering first aid to Pruitt.

11. Chris Moore and the Tazmanian Devil Trucking Co. are responsible for the its employee, under the principles of respondeat superior and vicarious liability.

12. On August 10, 2013 Defendants were negligent with respect to the following actions or inactions which were wanton, negligent and careless and include, but are not limited to the following:

    a. Failure to properly train personnel;

    b. Failure to properly supervise personnel;

    c. Failure to ensure the safety of guests and invitees.

13. On August 10, 2013 Defendants were negligent with respect to the following actions or inactions and which were wanton, negligent and careless and include, but are not limited to the following:

    a. Failure to ensure the safety of guests and invitees;

    b. Negligence and negligence per se for violations of 49 CFR Sections 381 through 399;

    c. By operating a commercial vehicle upon the public streets and highways in a negligent and wanton disregard for the safety of others;

    d. Negligence and negligence per se for violations of 49 CFR Sections 392.14 by failing to use extreme caution when hazardous conditions exist and/or by failing to discontinue the operation of the tractor-trailer until the vehicle could be operated safely;

    e. Negligence and negligence per se for violations of 49 CFR Sections 391.11(a) by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation;

   f. Negligence and negligence per se for violations of 49 CFR Sections 383.113 by operation of a commercial motor vehicle when the driver does not possess and demonstrate the skills required by this regulation;

   g. Negligence and negligence per se for violations of 49 CFR Sections 383.111 by operating a commercial motor vehicle when the driver did not have the knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of control maneuvers, and on hazard perception and when and how to make emergency maneuvers.

  14. As a result of Defendants negligence, Ms. Pruitt sustained serious personal injuries and damages. Plaintiff's damages include past and future medical expenses, past and future economic damages and past and future non-economic damages including pain, suffering, mental suffering and disfigurement.

  15. Defendants' actions of leaving the scene without rendering first aid to plaintiff or notifying the proper authorities are shocking and outrageous and constitute gross negligence entitling Plaintiff to punitive damages.

  WHEREFOR, Plaintiff prays judgment in her favor and against Defendants for an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ( $75,000.00 ), as and for damages sustained as a result of this incident and a like amount in excess of SEVENTY FIVE THOUSAND DOLLARS ( $75,000.00 ) as punitive damages, together with her costs incurred herein and for such other and further relief this court deems fair, just and equitable.

Respectfully submitted,

_____
J. Brent Galyon, OBA# 12103
7 South Mickey Mantle Dr., Suite 377
Oklahoma City, OK 73104
Telephone: (405) 232-1132
Facsimile: (405) 232-4679
Attorney for Plaintiff Maria N. Pruitt
Galyonlawoffice@yahoo.com

ATTORNEY LIEN CLAIMED